## ATLANTIC COAST LINE RAILROAD v. BURNETTE.

### ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 66.  Argued November 9, 1915.—Decided November 29, 1915.

It would be a miscarriage of justice to recover upon a statute not governing the case, in a suit which the statute itself declared commenced too late to be maintained.

A right may be waived or lost by failure to assert it at a proper time. *Burnet* v. *Desmornes*, 226 U. S. 145.

Even though not pleaded, if defendant insists on the point that an action based on the Employers' Liability Act of 1908 has been brought too late and the answer admits that fact, the action cannot be maintained.

Congress within its sphere is a paramount authority over the States and courts cannot, where the will of Congress plainly appears, allow substantive rights to be impaired under the name of procedure.

163 N. Car. 186, reversed.

THE facts, which involve the validity of a judgment for personal injuries based on the Employers' Liability Act of 1908, are stated in the opinion.

*Mr. Frederic D. McKenney*, with whom *Mr. F. S. Spruill* and *Mr. John Spalding Flannery* were on the brief, for plaintiff in error.

There was no appearance or brief for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

The plaintiff (defendant in error), was a fireman employed by the defendant.  On October 5, 1907, he was injured by its negligence while working upon a train running from South Carolina to North Carolina.  He brought this

action on January 7, 1910, and judgment was ordered for a certain sum by the Supreme Court of the State. 163 N. Car. 186. The Supreme Court assumed that the case was governed by the Employers' Liability Act of April 22, 1908, c. 149; 35 Stat. 65. Two errors are assigned. First, in holding that statute applicable to the cause of action, and second, in allowing a recovery under it in an action begun more than two years after the cause of action accrued. *Id.,* § 6, p. 68. The case was not argued in this court on behalf of the defendant in error, but we gather from the record and the opinion that while, at the trial, the Railroad, upon issues not before us, insisted that the Federal statute was not applicable, the contrary was admitted before the Supreme Court; so that although the admission seems to have been made with the second question only in view, the first point would appear not to have been drawn to the attention of either court and there was no discussion of how the case would stand apart from the act. The second objection was met by deciding that the limitation of two years imposed by § 6 could not be relied upon for want of a plea setting it up.

It would seem a miscarriage of justice if the plaintiff should recover upon a statute that did not govern the case, in a suit that the same act declared too late to be maintained. A right may be waived or lost by a failure to assert it at the proper time, *Burnet* v. *Desmornes,* 226 U. S. 145, but when a party has meant to insist on all the rights it might have, such a result would be unusual and extreme. The record shows a case to which the Act of 1908 did not apply, *Winfree* v. *Northern Pacific Ry.,* 227 U. S. 296, and which the earlier Act of 1906 probably could not affect. *Employers' Liability Cases,* 207 U. S. 463, 489. It also shows that the action was brought too late, and that the defendant insisted upon that point, although it had not pleaded what was apparent on the allegations of the declaration and the admissions of the answer.

In dealing with the enactments of a paramount authority, such as Congress is, within its sphere, over the States, we are not to be curious in nomenclature if Congress has made its will plain, nor to allow substantive rights to be impaired under the name of procedure. *Central Vermont Railway* v. *White,* 238 U. S. 507, 511. But irrespective of the fact that the act of Congress is paramount, when a law that is relied on as a source of an obligation in tort, sets a limit to the existence of what it creates, other jurisdictions naturally have been disinclined to press the obligation farther. *Davis* v. *Mills,* 194 U. S. 451; 454. *The Harrisburg,* 119 U. S. 199. There may be special reasons for regarding such obligations imposed upon railroads by the statutes of the United States as so limited. *Phillips* v. *Grand Trunk Western Ry. Co.,* 236 U. S. 662, 667. At all events the act of Congress creates the only obligation that has existed since its enactment in a case like this, whatever similar ones formerly may have been found under local law emanating from a different source. *Winfree* v. *Northern Pacific Ry.,* 227 U. S. 296, 302. If it be available in a state court to found a right, and the record shows a lapse of time after which the act says that no action shall be maintained, the action must fail in the courts of a State as in those of the United States.

The ground that we have stated is sufficient for the reversal of the judgment so far as it proceeds upon the Act of 1908, and therefore we are relieved from the necessity of deciding whether the record is in such shape that the even more fundamental objection to the application of the Act cannot be considered by this court.

*Judgment reversed.*