DAVIS, Agent, v. GANT et al. (No. 2645.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 22, 1922. Rehearing Granted Feb. 8, 1923.)

1. **Limitation of actions ⬄125—Mere change of capacity, in which plaintiff sues, not bringing of new suit.**

Amendment of petition, merely changing the capacity in which plaintiff sues, is not the institution of a new action, even though there could be no recovery in the capacity assumed in the original petition.

### On Motion for Rehearing.

2. **Death ⬄38—Limitation statute applicable only to surviving cause of action.**

The limitation of one year prescribed by Civ. Code, La. art. 2315, applies only to the right of action thereby given one for his injury by fault of another, which survives his death, and not to the further right of action thereby given the surviving relatives for damages sustained by them from his death.

3. **Evidence ⬄80(1)—State statute applied when foreign statute not shown.**

The limitation prescribed by the law of another state, giving the right of action for death of a relative, not being shown, the law of Texas will be applied.

4. **Appeal and error ⬄173(10)—To avail, statute, even of other state, must be pleaded.**

In consonance with Rev. St. art. 5706, declaring unavailable the laws of limitation of the state unless pleaded by the answer as a defense, limitations of another state may not be presented for the first time on appeal.

5. **Death ⬄38—Statute held one of limitation.**

The provision of Civ. Code, La. art. 2315, that the cause of action given one for injury from the fault of another shall survive in case of his death to certain relatives for a year from his death, is none the less a statute of limitation because incorporated in the body of the act creating the liability.

6. **Limitation of actions ⬄127(6)—Cause of action not changed by amendment adding proximate cause of action.**

The cause of action for injury causing death to a brakeman on the side of a train when it passed a box car is not so materially changed as to present one entirely new, though the original petition relied on the nearness of the box car as the sole proximate cause, and the amendment added as a proximate cause a low joint in the track, causing the train to sway towards the box car.

---

**7. Death ⬡⟞8—Damages authorized by law of state of injury recoverable.**

Under Vernon's Ann. Civ. St. Supp. 1918 or Complete St. 1920, art. 7730½, recovery for mental and physical suffering of deceased, authorized by the law of the state where the injury occurred, may be had in an action in Texas, though not authorized when the injury occurred in Texas.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by Mrs. Ollie Lillian Gant and others against James C. Davis, Agent. Judgment for plaintiffs, and defendant appeals. Affirmed.

Prendergast & Prendergast, of Marshall, for appellant.

Jones, Sexton & Jones, of Marshall, for appellees.

HODGES, J. This appeal is from a judgment in favor of the appellee for the sum of $8,000 as damages resulting from the death of her husband, and for $2,000 for the mental and physical suffering endured by him prior to his death. The agreed statement of the case shows substantially the following facts: Ollie Gant, the deceased husband of the appellee, was fatally injured on December 2, 1919, in the railway yards of the Texas & Pacific Railroad Company at Shreveport, La., while engaged in the performance of his duties as a switchman. He died the next day, leaving a wife and three minor children. Gant and his family resided in the state of Louisiana, and the train upon which he was employed was not at the time engaged in interstate commerce. Gant lived a few hours after the fatal injury, and during that time suffered much physical and mental pain. On November 18, 1920, less than a year after Gant's death, his widow filed this suit against the appellant in Harrison county, Tex., to recover damages resulting to herself and her children from the negligent killing of her husband, and also for the pain and anguish suffered by him prior to his death. That suit was filed by her as administratrix, for the benefit of herself and her minor children. The misconduct alleged in her original pleading was that the agents and employees of the appellant had negligently left a car standing too near the track on which cars were to be switched to permit the employees to work with safety; that while Gant was in the act of discharging his duties as a switchman, he was knocked or thrown from the car handled by him and caused to fall upon the track, and the wheels of one or more of the cars passed over his body, inflicting the injuries from which he died. It is also alleged that the Texas & Pacific Railway Company operated a line of railroad running through Shreveport into Texas, and that Gant was at the time of his injury employed in interstate commerce. On September 16, 1921, more than a year after the death of Gant, Mrs. Gant filed an amended original petition, in which she sued individually and as next friend of her minor children, as guardian of one of them, and as administratrix of the estate of her deceased husband. This amendment stated substantially the same facts, and in addition thereto also alleged that the injury resulted from the negligence of the appellant in permitting the existence of a low joint in the track adjacent to the standing car; that this defective condition caused the car on which Gant was riding to sway to one side, bringing his body in contact with the standing car. The averment as to employment in interstate commerce was repeated. She also pleaded that if she was mistaken in her averments that Gant was killed while employed in interstate commerce, nevertheless, the defendant was liable under the laws of Louisiana for the damages sustained. Then followed a repetition of the prayer for relief. On December 19, 1921, Mrs. Gant filed a first amended original petition, the one upon which the case was tried. As the basis of liability she relied solely upon the low joint or defective condition of the railway track in the vicinity of the standing car. She also repeated the averments regarding liability under the laws of Louisiana. The appellant pleaded specially some matters in abatement, which need not be here repeated, and the general issue. A trial before a jury resulted in the judgment before stated. Both parties filed motions for a new trial, which were overruled by the court, and both parties have perfected appeals to this court.

The appellant Davis asks that the judgment be reversed and here rendered. He bases his appeal upon two grounds. In one he contends that a recovery was barred by the statute of the state of Louisiana, upon which the suit was based. In the other he insists that damages for the physical suffering of the deceased allowed by the statutes of Louisiana could not be recovered in a suit in this state.

The agreed statement shows that Gant was not employed in interstate commerce at the time of his injury, and that liability, if any, rests solely upon the Louisiana statute. The statute of Louisiana relied on is as follows:

"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in a case of death in favor of the [minor] children or widow of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them * * * for the space of one year from the death. * * * The survivors above mentioned may also recover the damages sustained by them by the death of the parent or

child, or husband or wife * * * as the case may be." Civ. Code, art. 2315.

[1] It is apparently conceded by the appellant, Davis, that under this provision Mrs. Gant could have maintained in Texas a suit for damages in her own right and as next friend for her children, had she filed such a suit within the time prescribed by the Louisiana statute. The contention is that she failed to do this; that her suit as administratrix was one in which she could not. have recovered a judgment, and was tantamount to no suit within the meaning of the Louisiana law. Her amendment asserting a claim in her own right and as next friend for the children, it is claimed, was so radical a departure from her former petition that it amounted to a new suit. If that proposition is sound, then the amendment was filed too late. It has been definitely decided by the courts of this state and of the United States that a mere change in the capacity in which the plaintiff brings a suit, the substantive facts being the same, is not the institution of a new suit. That is true, even though the plaintiff could not recover in the capacity assumed in the original petition. T. & Ft. S. Ry. Co. v. Casey (Tex. Civ. App.) 172 S. W. 729; Railway Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; Bird v. Ft. W. & R. G. Ry. Co. (Tex. Sup.) 207 S. W. 518. In her first petition, while Mrs. Gant sued as administratrix, she fully described the relationship of the deceased, and sought relief for all the beneficiaries entitled to recover under the laws of Louisiana. The mere change in the capacity in which the suit was brought did not constitute the filing of a new and distinct action.

However, the plaintiff's petition was amended in other respects after the expiration of the period allowed by the Louisiana law for the bringing of such suits. In the original pleading the only negligence charged was the leaving of a box car standing too near the track on which the deceased was required to perform his switching operations. It was also alleged that Gant was employed in interstate commerce, and the federal statute was relied on to create liability for the damages sought. In the amendment filed more than a year after the death of Gant the defective condition of the track was set up as a proximate cause of the injury, and the Louisiana statute was for the first time pleaded as the basis of liability. It is true that in this and in a later amendment it was averred that the railway company was engaged in interstate commerce, but on the trial it was conceded that this averment was not true, and that the law of Congress had no application. In the last amendment of her pleadings the plaintiff relied solely on the defective condition of the track as the cause of the injury, and that was the only ground of recovery submitted to the jury. We then have a situation in which both the negligent conduct relied on and the foreign law, which created a liability for that character of damages, are for the first time set up in a pleading filed more than a year after the cause of action arose. In other words, neither the facts nor the local law upon which the plaintiff depended for a recovery was pleaded till after the right of action had ceased to exist. These belated essential averments could not relate back to wholly independent facts, and save the cause of action from the limitation placed upon its existence. It is not easy to draw a line between what is, and what is not, a new cause of action in suits like the present; nor is it necessary that it should be done in this instance. It is sufficient to say that the amendment introduced facts which did constitute a cause of action substantially different from that set up in the original pleadings. That view is, we think, supported by the case of Union Pacific Ry. Co. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983. In that case the injury occurred in the state of Kansas, but the suit was brought in the state of Missouri. In the petition recovery was sought upon the common-law liability of the master for negligently retaining in the service an incompetent employee whose incompetency caused the injury complained of. Afterwards the plaintiff filed an amended petition omitting the charge of incompetency on the part of the servant and the averment of the master's knowledge of such incompetency, and based his cause of action exclusively upon the negligence of the fellow servant. He relied for liability upon a statute of Kansas, where the accident occurred. The Supreme Court held that the amendment introduced a substantially new cause of action to which the bar of the statute of limitation applied. As there said by the court, the amended petition, not only set up a different state of facts as the cause of the injury, but a different rule of law as the basis of liability. The original pleading proceeded exclusively upon the common-law rule which holds the master liable who knowingly employs, or retains, an incompetent servant, without any reference to the statute of Kansas. That decision was later reviewed and approved in M., K. & T. Ry. Co. v. Wulf, before referred to.

It is not correct to say that the cause of action consists exclusively of the injury inflicted. It requires both the injury and the culpable misconduct, together with the law creating the liability, to make a complete cause of action; and all these must be stated in the plaintiff's petition where the law is not one prevailing in the state of the forum. In the present case the plaintiff was required to allege and prove both the specific act of negligence which the trial court submitted to the jury and the law of the state where the injury occurred, in order to furnish a

legal basis for liability. This was not done within the time allowed by the Louisiana law. We do not regard this conclusion as in conflict with the holding of this court in T. & P. Ry Co., v. Myers, 151 S. W. 337, or as opposed to any of the cases cited by the appellee upon this proposition. The Myers Case is clearly distinguishable from this upon the facts.

The appellee refers to article 7730½ of the Complete Statutes of 1920, which is as follows:

"That whenever the death or personal injury of a citizen of this state or of the United States, or of any foreign country having equal treaty rights with the United States in behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in any such foreign state or country for which a right to maintain an action and recover damages thereof is given by the statute or law of such foreign state or country, *such right of action may be enforced in the courts of this state within the time prescribed for the commencement of such actions by the statute of this state*, and the law of the forum shall control in the prosecution and maintenance of such action in the courts of this state in all matters pertaining to the procedure."

The provision of our law can have no application to a case arising under the laws of another state where the limitation is a part of the law which creates the right of action and is made a condition of the liability imposed. Ross v. K. C. S. Ry. Co., 34 Tex. Civ. App. 464, 79 S. W. 623; Atlantic Coast Line v. Burnette, 239 U. S. 200, 36 Sup. Ct. 75, 60 L. Ed. 226. It is clear that if this suit had been brought in the state of Louisiana, and its filing delayed till the introduction of the amendments relied on, there could have been no recovery. By the very terms of the act creating it the cause of action would then have ceased to exist. Certainly the plaintiff can have no greater rights in Texas than she could have asserted in the state whose laws gave her the right to sue. If the action had once ceased, the law of Texas cannot revive it.

For the reasons stated above we do not think it was essential that appellant should have specially pleaded the statute of limitation as in ordinary actions. In the cases last cited the reasons for the distinction are discussed, and it is useless to here repeat them.

The judgment of the district court will be reversed, and judgment here rendered for the appellant, Davis.

On Motion for Rehearing.

[2, 3] Upon further consideration of this case we have concluded that we erred in holding that this suit was barred by limitation. The Louisiana statute previously quoted creates two distinct rights of action: one in favor of an injured party for the mental and physical suffering endured, and another in favor of the wife and children for the death of the injured party. The statute also provides that the cause of action in favor of the injured party shall, in the event of his death, survive for one year in favor of his widow and children. It is clear from the reading of this statute that the limitation of one year only applies to the cause of action which "survives." Hence, even under the rule applied in the original opinion, only that portion of this suit which "survives" would be barred under the Louisiana statute. The cause of action based upon the death of Gant is controlled by some other law of limitation. In the present state of the record we must apply the laws of this state. If that be done, that portion of the suit resulting from the death of Gant was not barred at the time the last amendment was filed by the plaintiff in the court below.

[4, 5] We are also of the opinion that even the cause of action which "survived" to the widow and children should not in this proceeding be subjected to the limitation invoked by the appellant. In the original petition, filed before the expiration of the year following the death of Gant, the plaintiff pleaded negligence generally on the part of the Director General and his Agent, and also specifically alleged substantially the following facts: That the agents, servants, and employees of the Director General placed or caused to be placed upon one of the tracks of the railway company in the yards at Shreveport, La., a car, and negligently failed to place that car at a safe distance from another track on which other cars were being moved; that while Gant was discharging his duties in switching and placing other cars on this other track his body came in contact with the standing car above referred to, and he was knocked off and fatally injured. While the law of Louisiana was not specifically pleaded, the facts were so stated as to show that the injury occurred within that state, and the inference would arise that either the laws of that state or the laws of the United States would be applied in determining the question of liability. In the last amended petition substantially the same facts were repeated with reference to the location of the standing car with which Gant collided. It is also alleged that there was a low joint in the track of the roadbed at that particular point, which caused the car on which Gant was riding to sway towards the standing car, and thus bring about the collision complained of. The averments as to the circumstances under which the injury occurred are practically the same, except those relating to the low joint. The appellant answered generally and specially to the merits, without suggesting the defense of limitation. It was shown upon the trial that Gant was injured under substantially the same circumstances as those alleged in the last amended petition. He was hanging on the side of a moving car while engaged

in doing some switching. When that car reached a point opposite the standing car, the low joint caused the car on which he was riding to sway towards the latter, thus causing the collision between that car and Gant's body. In the trial below limitation was not urged in any form, nor was it presented in the motion for a new trial. It is raised for the first time in this appeal. Article 5706 of our Revised Civil Statutes provides that the laws of limitation of this state shall not be made available to any person in any suit in any of the courts of this state unless it be specially set forth as a defense in his answer. While that statute was intended to apply to the laws of limitation of this state, we see no reason why our courts should be less exacting in requiring the pleading of the same defense when based upon similar laws of another state. Clearly, the Louisiana statute invoked in this instance is one of limitation. The fact that it is incorporated in the body of the act which creates the liability does not relieve it of that character. Under the facts of this case we do not think the appellant is entitled to present that defense, even if it be available, for the first time on appeal.

[6] Moreover, upon further consideration we have concluded that the cause of action was not so materially changed in the last amended original petition as to present one entirely new. It is true that in the first original petition the plaintiff relied solely upon the dangerous proximity of the box car to the track on which Gant was doing the switching as the sole proximate cause of the injury. But the facts show that the injury resulted from the concurrence of two conditions for which the railway company might be responsible: (1) The proximity of the standing car, and (2) the low joint. The low joint alone was not enough to cause any injury had there been no other cause. If the car had not been left standing too near that point, no accident would have occurred, even though the moving car on which Gant was riding did sway to one side. The low joint was a fixed or permanent condition. The location of the car was a temporary or transitory situation, and one which evidently occurred after the joint became abnormally low. Hence the proximity of the standing car was, at least, one of the proximate causes of the injury. The appellant alleged that this car was placed there by order of Gant himself, but of that averment the record contains no proof. The agreed statement of facts does not show who was responsible for the car being in that position. There is no complaint in this appeal that the evidence did not support the verdict of the jury, nor is there any question raised as to what was the real proximate cause of the injury. However, we refer to that situation only as evidence of

the identity of the real cause of the injury carried through the different amendments.

[7] Appellant contends that Mrs. Gant and her children are not entitled to recover in the courts of this state damages for the mental and physical suffering endured by Gant prior to his death as allowed under the laws of Louisiana. That contention is, we think, untenable. While our statute does not authorize a recovery of such damages when the injury occurs in this state, article 7730½, as contained in Complete Texas Statutes of 1920, permits such a recovery when authorized by the laws of another state where the injury occurs.

The judgment heretofore rendered in this case will be set aside, and the judgment of the trial court will be affirmed.