UNITED STATES v. ADAMS et al.

No. 8426.

Circuit Court of Appeals, Fifth Circuit.

Dec. 17, 1937.

Rehearing Denied Jan. 21, 1938.

Wm. B. Waldo and Sewall Key, Sp. Assts. to Atty. Gen., James W. Morris, Asst. Atty. Gen., Frank F. Taylor, Asst. U. S. Atty., of Fort Worth, Tex., and J. L. Backstrom, Sp. Atty., Bureau of Internal Revenue, of Dallas, Tex., for the United States.

Phillips, Trammell, Estes, Edwards & Orn and Boykin, Ray & Shirley, all of Fort Worth, Tex., for appellees.

Before SIBLEY and HUTCHESON, Circuit Judges, and STRUM, District Judge.

HUTCHESON, Circuit Judge.

The suit was against ninety-two defendants, stockholders of United Oil Company, a joint stock association. It was brought to establish their liability as transferees for the government's tax claim of $87,000 against that company, because of the dividends they had received in liquidation of it.

On February 25, 1936, nearly six years after the suit was filed, the motions of some of the defendants to dismiss plaintiff's second amended bill of complaint, filed February 22, 1936, were presented and sustained, and the bill was dismissed "for want of equity, and for other reasons set out in defendants' motions." [1]

This appeal is from that order. No opinion was written by the District Judge, and except for the statement in the order, that the bill was dismissed on the grounds stated in the motions, no reasons were given for his action; but it plainly enough appears from the record as a whole, and from the briefs of the parties, that he thought the suit barred by limitation. It is therefore important to state chronologically the facts of the claim and suit.

In 1920 the defendants were stockholders of the United Oil Company, a joint association. In that year the company distributed and disbursed all of its assets, of a value of $405,000, to its stockholders, rendering it unable to pay its tax. To the defendant stockholders there was distributed assets of a value in excess of $214,000. On April 12, 1921, the company filed an incorrect income tax return for 1920. An audit of the return was made, and on June 6,

1924, a tax was assessed, which, after allowing abatements and credits, stands at $87,311.71. Filed June 4, 1930, just two days before the six years' limit for suit had run, the bill alleged that other stockholders, to the number of 1,108, were not made defendants, because they resided outside the jurisdiction of the court, and could not be served with process. Sixteen subpoenas were issued on July 17, 1930, and on August 12 and September 9, 1930, alias subpoenas were issued. Under the subpoenas so issued, all but twelve of the defendants were served with process; 41 defendants who were served did not plead. All of the defendants who pleaded made their appearance in August, September, October, and November of 1930, and thereafter from time to time, filed supplemental and amended answers. Of the defendants appearing, but 22 raised any objection to the timeliness of the suit.

By leave of the court on March 22, 1935, an amended bill, and on February 22, 1936, a second amended bill, the one dismissed, were filed.

That the complaint states a cause of action is not controverted on this appeal; indeed, it could not be. The capital and assets of a corporation constitute a trust fund, for the benefit and security of its creditors, and it is fundamental that stockholders, stripping a corporation of its assets, succeed as transferees to its tax liability. Phillips v. Com'r, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Capps Mfg. Co. v. United States, 5 Cir., 15 F.2d 528; Updike v. United States, 8 Cir., 8 F.2d 913; Bankers Trust Co. v. Hale, etc., Corp., 2 Cir., 84 F.2d 401.

It is equally plain that there was neither misjoinder nor nonjoinder. The liability of a transferee is several, and the United States may file its suit against any one or more of them. If the defendants desire an equitable distribution of the burden among all the stockholders, it is their duty to take action to protect themselves. Phillips v. Com'r, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Rubel v. Com'r, 6 Cir., 74 F.2d 27; Steinberger v. United States, 9 Cir., 81 F.2d 1008; Bankers Trust Co. v. Hale, etc., Corp., supra. This is but an application of the general rule that a creditor may proceed against one of the distributees, or as many of them as he can find in the jurisdiction. Chatham v. Mecklenburg Realty Co., 180 N.C. 500, 105 S.E. 329;

---

[1] The grounds of the motions were: (1) Want of equity; (2) misjoinder of parties; (3) nonjoinder of parties; (4) laches; (5) limitation.

cf. U.S.Rev.St.· § 737 now Jud.Code § 50, U.S.C. title 28, § 111, 28 U.S.C.A. § 111. It is equally plain that the United States is not subject to the defense of laches as to the first bringing, or as to the further prosecution of its suit.

The real contention in the case is over whether limitation has barred the suit, because, though filed within the statutory period, process was not issued in it, on some defendants for forty, on some, for sixty days.

Appellee, invoking the rule obtaining in many jurisdictions, cf. Simpson v. Antrobus, 260 Ky. 641, 86 S.W.2d 544, that it is not the filing of the bill, but the issuance of summons which marks the commencement of a suit, urges that process was not issued until after the statutory time fixed· for bringing suit had run, and limitation had barred it.

Appellant insists that in the federal court a suit in equity is commenced when the bill is filed, not when process is issued, and that, filed two days before limitation had run, the suit was timely commenced.

Conceding that the filing to be effectual as the commencement of suit must have been with the good-faith intent to prosecute it, and must have been followed reasonably with the issuance and service of process, appellant insists that the record here establishes that this was done, and that limitation ceased to run with the filing of its bill. Farmers' Loan Co. v. Lake Street R. Co., 177 U.S. 51, 20 S.Ct. 564, 44 L.Ed. 667; Linn Timber Co. v. United States, 236 U.S. 574, 35 S.Ct. 440, 59 L.Ed. 725; United States v. Hardy, 4 Cir., 74 F.2d 841.

Pointing out that this suit, though brought in equity, could have as well been brought at law, Bankers Trust Co. v. Hale & Kilburn Corporation, 2 Cir., 84 F.2d 401, and that as brought it invokes not the exclusive, but the concurrent jurisdiction of equity (Webb v. Powell, 5 Cir., 87 F.2d 983, which applies limitation not by analogy, but directly, as at law), appellant argues further that the suit was timely filed, for if it had been filed at law, it undoubtedly, under the Texas statute providing that actions are commenced by the filing of the petition, would have been filed in time. Goodlet v. Stamps, 29 Tex. 121; Godshalk v. Martin, Tex.Civ.App., 200 S.W. 535; Tribby v. Wokee, 74 Tex. 142, 11 S.W. 1089.

We agree with appellant that there was a good-faith filing of the suit, followed by process sued out and served within a reasonable time; that its action is not barred by limitation; and that the dismissal of its bill was error.

A great deal of appellee's argument seems to be addressed to the government's dilatoriness in prosecuting the suit after it was filed. No motion, however, was made to dismiss the suit for want of prosecution, and it was not dismissed on that ground. It was dismissed for reasons set out in the motion, none of which justified the order of dismissal.

The decree is reversed and the cause is remanded, for further and not inconsistent proceedings.

Reversed and remanded.