## PORT v. LITOLFF.

### No. 9023.

Circuit Court of Appeals, Fifth Circuit.

April 18, 1939.

Rehearing Denied May 18, 1939.

Samuel J. Tennant, Jr., of New Orleans, La., for appellant.

Geo. H. Terriberry, Jos. M. Rault, and Benjamin W. Yancey, all of New Orleans, La., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, a seaman, brought this suit at law to recover damages for personal injuries, incurred while a member of the crew of a vessel. After a hearing at which no evidence was taken, the District Court sustained a plea of limitation and dismissed it. It appears from the record the suit was filed on December 7, 1937. It is not suggested it was filed in bad faith. The petition alleged the accident resulting in injuries to plaintiff occurred on December 7, 1935, and prayed for citation. Citation and summons were issued by the Clerk the day the suit was filed. It is not shown when the citation reached the marshal but it may be presumed it was transmitted promptly. The return of service by a deputy marshal shows he received the citation and summons on December 8, 1937, and made personal service on the defendant on December 10, 1937.

The suit was brought under the provisions of Sec. 33 of the Merchant Marine Act 1920, 46 U.S.C.A. § 688, which incorporates by reference the provisions of the Federal Employers' Liability Act, section 6 of which provides: "No action shall be maintained under this chapter unless commenced within two years from the day the cause of action accrued." 45 U.S.C.A. § 56.

 The cause of action accrued on the day of the accident, December 7, 1935, and the suit was filed in the District Court, which had jurisdiction, on the last day of the period of limitation. Before the District Court and here both parties contended that the law of Louisiana governs. There are cases to support the contention and no doubt this misled the District Court. It is unnecessary to discuss this question. Since limitation is provided by the Federal statute, state statutes of limitation and decisions of the state courts construing them have no application. Atlantic Coast Line R. Co. v. Burnette, 239 U.S. 199, 36 S.Ct. 75, 60 L.Ed. 226; Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813.

We have heretofore held that where a suit is filed, in good faith, within the period of limitation, it is commenced on the day of filing, if service is made within a reasonable time thereafter. Equitable Life Assur. Soc. v. Schwartz, 5 Cir., 42 F.2d 646; U. S. v. Adams, 5 Cir., 92 F. 2d 395.

If there could have been any doubt as to the application of the above stated rule in this case it has been removed by the recent decision in Bates Mfg. Co. v. U. S., 303 U.S. 567, 58 S.Ct. 694, 82 L.Ed. 1020. There the suit was brought to recover back taxes, alleged to have been illegally collected. The Revenue Act of 1926, 44 Stat. 9, which governed, provides that no suit shall be maintained in any court for the recovery of any internal revenue taxes, alleged to have been erroneously or illegally assessed or collected, unless such suit is begun within two years after the disallowance of the claim. Suit was filed within two years after disallowance but service was not made until four days after limitation had run. The Supreme Court ruled that the word "begun" should be given its ordinary and accustomed meaning, synonymous with "commenced." It was held that the suit was begun when it was filed in court in good faith.

Reversed and remanded.