VOWELL v. NEER.

Civ. A. No. 1138.

United States District Court
E. D. Tennessee, N. D.

Jan. 13, 1949.

[redacted]

[redacted]

[redacted]

Judd Acuff, of Knoxville, Tenn., for plaintiff.

A. L. Fox, of Clinton, Tenn., for defendant.

TAYLOR, Chief Judge.

Plaintiff, a former tenant of defendant, brought this action to recover treble damages and attorney's fees for alleged violations of rent regulations under the Emergency Price Control Act of 1942, as amended. Title 50 U.S.C.A.Appendix, § 901 et seq. The tenancy period of plaintiff began August 5, 1944, and ended March 6, 1946, a period of 19 months. During that time plaintiff paid $30 per month as rent on the house, plus an additional $1.50 per month for electricity. Although the house had been rented prior to August 5, 1944, it had not been registered as provided in the Act and was not registered until March 15, 1948.

In finally registering the property, defendant represented that it was rented for the first time on August 5, 1944, and then at $30 per month. This was accepted by the local rent director's office as the ceiling rent. But shortly afterwards the rent director received information that the property had been rented prior to August 5, 1944, at a monthly rental of $10. Defendant on or about June 14, 1948, in response to a communication from the rent director, appeared at that official's office, where he admitted having charged plaintiff $1.50 per month for electricity, in addition to the $30 per month. He submitted an explanation as to the prior rental at $10 per month which apparently for the moment was satisfactory to the officials of the rent director's office.

On the same date, that is, on or about June 14, 1948, defendant was informed by the rent director that the $1.50 per month for electricity was an overcharge for which he should make a refund to plaintiff. Thereupon defendant wrote a check payable to plaintiff in the amount of $28.50 for the electricity overcharge for the 19 months of plaintiff's occupancy. This check was held by the rent director with the understanding that it would be delivered to plaintiff in exchange for a release by plaintiff on account of overcharges. A few days later plaintiff called at the rent director's office and advised that he would not accept the check. At the same time he indicated he had information of a rental of the property prior to August 5, 1944, at $10 per month. This information, subsequently offered at the trial as evidence, was intended to show that defendant on March 15, 1948, had made a fraudulent registration and that during plaintiff's tenancy had charged an excessive rent. The check for $28.50, upon its being refused by plaintiff, was returned to defendant.

After the June conferences the rent director caused an investigation to be made of defendant's property and prior rentals. As a result of the investigation the director issued a rent order June 28, 1948, reducing the rent from $30 to $10 per month. This order was made retroactive to July 1, 1947, and included an order of refund of any overcharges collected after July 1, 1947.

The amount sued for is $1225.50, which is treble the amount of the alleged overcharges for the 19 months of the rent period. Defendant has admitted that he charged $30 per month, with an additional $1.50 for electricity, but he says that part of the rent was paid in labor, that plaintiff used the premises to carry on a business, and that plaintiff seriously damaged the property. For the alleged damages defendant filed a counterclaim. As to the counterclaim the Court finds that its allegations are not supported by a preponderance of evidence, therefore must fail.

[redacted] It is the Court's opinion that plaintiff's suit, also, must fail. Section 925(e) of the Act, as amended June 30, 1944, provides: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such

[redacted]

commodity for use or consumption * * may, within one year from the date of the occurrence of the violation, * * * bring an action against the seller on account of the overcharge. * * *" Plaintiff occupied the premises of defendant from August 5, 1944, to March 6, 1946, and he testified that he paid the rent in advance each month. Complaint was filed July 22, 1948. No rent order was issued as to this property until June 28, 1948, and there had been no registration statement affecting it prior to March 15, 1948. If a ceiling rent had been fixed by rental or regulation prior to plaintiff's occupancy, as claimed by plaintiff, and the overcharges constituted violations, a cause of action of one year's duration arose in favor of plaintiff with each violation, and a corresponding liability to plaintiff for each overcharge arose against the defendant. The cause of action and the liability ran concurrently for a year and ended simultaneously. Matheny v. Porter, 10 Cir., 158 F.2d 478. As suit was not commenced within the statutory year following the last alleged violation, it was commenced too late as to all of them.

■■ Another theory upon which a recovery might be predicated in a proper case is, that collection of rent on unregistered and unadjusted property is tentative, being subject to subsequent refund upon registration or a readjustment order. The one-year period within which a cause of action for recovery of overcharges could be maintained would then date from the violation of the refund order. Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624. Failure to comply with the refund order within 30 days from its date is a "violation" within the meaning of sec. 925(e). Woods v. Stone, supra. If the refund order is effective back far enough, it will save the situation for the tenant as to overcharges within the period of the refund order.

But plaintiff here is not helped by this rule. The rent readjustment order here was made effective as of July 1, 1947, and a refund was required only of overcharges made after that date. Plaintiff had ceased to be a tenant of defendant more than a year before, consequently paid no overcharges within the period of the refund order.

It was noted above that about June 14, 1948, the local rent director advised defendant of his having overcharged plaintiff $28.50 and ordered a refund of that amount, that defendant thereupon wrote a check for the refund, payable to plaintiff, and that plaintiff refused to accept it. The refusal to accept the refund was not based upon the form in which tender of payment was made, but plaintiff's remarks and his subsequent actions indicate that he refused acceptance because of an intention to bring suit for a much larger sum.

■ Suit to recover an overcharge does not rest in debt, but is grounded upon violation. Had defendant refused to comply with the refund order within 30 days from its date, a cause of action in favor of plaintiff would have accrued for violation of the refund order. This cause of action would have subsisted for a year. Since defendant made a bona fide effort to comply with the refund order and did not in any sense violate it, no cause of action for "violation" arose in favor of plaintiff as to the refund. Indeed, on the date complaint was filed plaintiff had no cause of action at all.

■ One point involving a technicality of pleading suggests itself here. Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires that the defense of statute of limitations be affirmatively pleaded. Defendant has made no mention in pleadings or elsewhere of a period of limitations. The Court, however, is of the opinion that Rule 8(c) is not applicable to situations similar to the one here. It is apparent on the face of the complaint that the suit, based upon violation of regulations, was not timely. From the testimony of witnesses and exhibits on file, it is apparent that no cause of action arose with respect to violation of a refund order. Where a cause of action arises for recovery of overcharges, it arises under sec. 925(e). The same statute which creates the right to sue also fixes the duration of the right. It is, therefore, a creative statute, not a statute in bar, and jurisdiction of the Court to award a recovery is based as much upon timeliness of suit as upon authority for suit. Matheny v. Porter, 10 Cir., 158 F.2d 478; Bowles v. American Distilling

Co., Inc., et al., D.C., 62 F.Supp. 20; Rosenberg v. Hano & Co., D.C., 26 F.Supp. 160; Atlantic Coast Line R. Co. v. Burnette, 239 U.S. 199, 36 S.Ct. 75, 60 L.Ed. 226.

It results that plaintiff's suit must be dismissed, with costs to defendant. Let an order be prepared accordingly.