**DUNN et al. v. WHEELER SHIPBUILDING CORPORATION et al.**

**JACKMAN et al. v. WHEELER SHIP-BUILDING CORPORATION et al.**

Nos. 19119, 19120.

United States District Court
E. D. New York.

Oct. 21, 1949.

George J. Engelman, New York City, proctor for libellants.

Alexander & Ash, New York City, proctors for Wheeler Shipbuilding Corporation and William A. Boyd, its Trustee (Edward Ash, Sidney A. Schwartz, and Joseph A. Calamari, New York City, Advocates).

BYERS, District Judge.

Hearing on exceptions to libels in two personam causes; the pleadings are in the same form and the exceptions can be disposed of in one opinion.

The causes are under the Death on the High Seas Act, 46 U.S.C.A. § 761, and are based upon the assertion that several members of the crew of the trawler BELLE were lost at sea on January 9, 1947, when she capsized and sank.

It is alleged that the disaster was due to the fact that the trawler was lacking in

sufficient stability to navigate and operate on the high seas in her calling, because of faulty design; that she was built, constructed and sold for use as a trawler upon the high seas, by Wheeler Shipbuilding Corporation, which was part of its corporate purpose. That the trawler was so built "for the purpose of a sale to any person * * * who might buy the same and with the intent and purpose of having the same operated and navigated upon navigable waters on the high seas by any person * * * into whose possession it might come, no matter through how many intermediate dealers or owners it might pass".

The quoted language and later allegations are adapted from the complaint in MacPherson v. Buick Motor Car Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696, Ann.Cas.1916C, 440, said to be available under appropriate circumstances in the admiralty, Sieracki v. Seas Shipping Co., et al., 3 Cir., 149 F.2d 98, at page 99, affirmed 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099.

That Wheeler failed to use due care in "manufacturing and constructing" the trawler, and failed to use due care in its construction so as to make it stable and seaworthy, etc., but "manufactured", constructed and delivered it in such condition that it was unstable and unseaworthy, unfit and unsafe to operate as intended; and sold and delivered it knowing its intended use.

That the trawler, when used as intended, was liable to become a source of damage to persons using it, "if not carefully and properly constructed".

That when the BELLE sank on January 9, 1947, the several intestates for whom libellants were appointed, were members of her crew and lost their lives as stated, and that the cause lies under the said statute.

A second cause is pleaded against Colley & Maier, Inc., described as marine architects who designed and prepared the plans and specifications for the building and construction of the BELLE.

That they were negligent and careless in preparing and designing the plans and specifications, so that when the vessel was constructed in accordance therewith, she was unstable, unseaworthy and unable safely to navigate on the high seas; by reason of which the trawler "capsized on January 9th, 1947, with the loss of her entire crew and the libellants were damaged" etc.

Seemingly the naval architects do not appear in behalf of these exceptions.

Reliance is had by the Wheeler Corporation and its bankruptcy trustee upon the failure "to allege that said respondents were guilty of any wrongful act, neglect or default on their part within two years prior to the beginning of said action as provided for in said statute (46 U.S.C.A. § 763) and upon the further ground that the libel does not state any date within two years next prior to the institution of this proceeding when the said respondents committed any wrongful act" etc.

The libel in the first cause was filed on Friday, January 7, 1949, two days prior to the expiration of the two year statutory period, namely, January 9, 1949.

The second was filed on Monday, January 10, 1949, or one day later, which means that the 9th was a Sunday. Both libels were filed by the same proctor.

The cited section of the statute reads: "Suit shall be begun within two years from the date of such wrongful act, neglect, or default, unless during that period there has not been reasonable opportunity for securing jurisdiction of the vessel, person, or corporation sought to be charged; but after the expiration of such period of two years the right of action hereby given shall not be deemed to have lapsed until ninety days after a reasonable opportunity to secure jurisdiction has offered."

It will be convenient to examine the second ground of exception at the outset.

It is understood to mean that the wrongful act or neglect imputed to the shipbuilder is not specified as to date, so as to start the running of the two year period within which suit is required to be instituted.

While it is apparent that libellants rely upon Wheeler's failure to build and deliver a seaworthy vessel and no date of delivery

or acceptance upon the part of the purchaser is alleged, it is equally to be seen that the asserted showing of lack of stability is not assigned by the pleader to a date prior to the capsizing. Whether the alleged fault in design could have been discovered (or in fact was, for that matter, and perhaps was sought to be rectified) is a matter of proof. Perhaps the lurking fault, if there was one, did not manifest itself until the disaster occurred, and for present purposes that must be regarded as the date on which the "wrongful act" occurred, if it did.

This reasoning is not entirely convincing, since there must have come a time when the undertaking of seaworthiness was an obligation of the owner of the vessel rather than of the builder, so far as a member of the crew was concerned; probably the real difficulty lies in seeking to project the teaching of the MacPherson case, supra, into a situation which according to the libels is really to be traced to asserted errors in design, rather than to a defect of structure, such as an automobile wheel of inferior quality.

But that subject is presented by these exceptions only obliquely in the respect heretofore stated. As a matter of pleading the allegations of default should be deemed sufficient if the libellants are satisfied with them, although it is evident that the asserted defect in design must have antedated, by an indefinite time, the capsizing of the trawler.

That which the libels portray is clearly a maritime tort, i. e., the alleged error in design, although originating on land, became manifest, if at all, upon the high seas where the trawler was intended to navigate.

It is therefore concluded as to this branch of the exceptions that they must be overruled.

■ The first ground stated necessarily calls for separate treatment of the libels: That bearing No. 19119 was filed, as has been stated, on January 7, 1949, within two years of the capsizing, and was therefore timely within the Act. The exception as to it is overruled.

The other was filed by the same proctors one day after the expiration of the statutory period, and was therefore too late, unless (a) the fact that January 9, 1949, fell on a Sunday renders timely the filing on the day following; or (b) the exception stated in the statute operates to save the libellants' cause.

As to the first, it is urged that the statutory provision goes to the substance of the right conferred, and not only to the remedy, which means that, in the absence of literal and exact compliance with the statute, there is no right to enforce.

Such is the holding in The Harrisburg, 119 U.S. 199 at page 214, 7 S.Ct. 140, page 147, 30 L.Ed. 358, where it is said: "Time has been made of the essence of the right, and the right is lost if the time is disregarded." See also: Atlantic Coast Line R. R. v. Burnette, 239 U.S. 199, at page 201, 36 S.Ct. 75, 60 L.Ed. 226, and Engel v. Davenport, 271 U.S. 33, at page 38, 46 S.Ct. 410, 70 L.Ed. 813.

The general subject has been examined with care by Judge Kennedy in Rose et al. v. United States et al., D.C., 73 F.Supp. 759, in a case arising under the Decedent Estate Law of New York, and much that he writes throws light upon the subject here discussed, namely, the effect upon the right created by statute, not known to the common law, of a prescribed period within which suit must be brought.

There too a Sunday intervened between the last day for filing, and the date when the cause was started.

■ The conclusion reached in that case is the same to which this court has come: The last day to file the libel in 19120 was January 9, 1949, and the filing two days later was not timely, hence the intervention of Sunday, January 10th, is of no aid to those libellants. See also: Joint Council Dining Car Employees Local 370, etc., et al. v. Delaware, L. & W. R. Co., 2 Cir., 157 F.2d 417, at page 420, and Ferd. Mulhens, Inc., v. Higgins, D.C., 55 F.Supp. 42.

■ There remains to consider whether the libellants could plead facts to bring them within the "unless" provision of Section 763 of the Act. Since the respondent

Wheeler and its trustee in bankruptcy have been in this court, as the files disclose, since the month of May, 1947, it is not perceived how there could have been a lack of reasonable opportunity for securing jurisdiction of the corporation, but perhaps the libellants should be given an opportunity to plead facts upon which they might be said to have relied, in order to avail themselves of the statutory purpose.

The result is that the exception to the libel in 19119 is overruled; the exception to the libel in 19120 is sustained with leave to the libellants to amend if they be so advised, in respect of facts which they may deem to be sufficient to show that their cause was timely brought within the terms of the statute.

Settle order.