STOULIG, Judge.
This is an appeal from a judgment dismissing as prescribed the reconventional demand of Elizabeth Reese in which she claims Truth in Lending Act penalties against plaintiff, Sears, Roebuck and Company, for an alleged failure to disclose the information required by 15 U.S.C. § 1601, et seq., in a credit transaction. We affirm.
After a pre-argument conference with this court, counsel for both litigants entered into this written stipulation that succinctly states the issue and the undisputed facts pertinent to its resolution:
“Solely for the purposes of this appeal and without prejudice to other issues in this case we stipulate the sale by Sears to Elizabeth Reese was made on November 13, 1974. Sears’ suit was filed October 22,1975. Elizabeth Reese’s incidental demand was filed on or about December 16, 1975, less than 90 days from the filing of Sears’ petition but more than one year from the date of the sale. Elizabeth Reese’s incidental demand was based upon Federal Consumer Credit Protection Act, 15 U.S.C.A. 1601, et seq., and Regulation Z of the Federal Reserve Board, 12 CFR 226.1, et seq., or commonly referred to as the Federal Truth in Lending Act. The sole issue is the applicability of Louisiana C.C.P. art. 1067, Added by Acts 1970, No. 472, Amended by Acts 1974, No. 86, and its relation to Title 15, USC, Sec. 1640(e).”
15 U.S.C. § 1640(e) requires a penalties claim to be brought within one year of the occurrence of the violation. The emphasized portion of this quoted statute leaves no doubt this federally created right must be exercised within the time specified no matter where the claim is filed:
“Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.” (Emphasis ours.)
Appellant would have us apply C.C.P. art. 1067 to revive the demised claim. It provides:
“An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.”
Because Truth in Lending penalties claims derive from an act of Congress, state procedural laws cannot be applied to expand the time limit set in the statute that created the right. In discussing this principle in Atlantic Coast Line R. R. v. Burnette, 239 U.S. 199, 36 S.Ct. 75, 60 L.Ed. 226 (1915), Mr. Justice Holmes, speaking for the Court, said:
“ * * * At all events the act of Congress creates the only obligation that has existed since its enactment in a case like this, whatever similar ones formerly may *855 have been found under local law emanating from a different source. Winfree v. Northern Pacific Ry., 227 U.S. 296, 302, 33 S.Ct. 273, 57 L.Ed. 518, 520. If it be available in a state court to found a right, and the record shows a lapse of time after which the act says that no action shall be maintained, the action must fail in the courts of a State as in those of the United States.” 239 U.S. at 201, 36 S.Ct. at 76.
We hold the claim for Truth in Lending penalties not having been initiated within a year of the occurrence has per-empted. In reaching this result we point out this court’s prior decisions permitting the penalties to be pleaded as an affirmative defense. See Reliable Credit Serv., Inc. v. Bernard, 339 So.2d 952 (La.App. 4th Cir.1976), and Termplan Mid-City, Inc. v. Laughlin, 333 So.2d 738 (La.App. 4th Cir.1976).
In reaching this result we limit our holding to defendant’s reconventional demand and point out the Truth in Lending penalties claim, if valid, may be used as set-off against any judgment obtained by plaintiff after trial on the merits.
The judgment appealed from is affirmed. This matter is remanded for further proceedings.

AFFIRMED.

LEMMON, J., dissents with written reasons.