FRED B. MENDIOLA, Plaintiff

v.

GOVERNMENT OF GUAM, ET AL., Defendants

Civil No. 945-77
Superior Court of Guam
February 20, 1980

- - - - -

WEEKS, Judge

DECISION AND ORDER

This action arises under the Government of Guam Tort Claims Act, which, in Sections 6500.05, 6500.11 and 6500.21, sets out certain time frames for filing of court actions and claims against the Government of Guam.

It is undisputed that at the pretrial conference in this matter the Deputy Attorney General admitted to the Government's liability for the damages to the bulldozer in question and it was agreed trial would proceed merely on the issue of the amount of damages.

Subsequently, plaintiff moved for partial summary judgment on the issue of liability. Defendant opposed alleging issues of material fact exist regarding whether plaintiff followed the time limits as prescribed in the Government Claims Act. If not, defendant insists plaintiff's suit is invalid and the Government is exempt from any liability despite the earlier admission.

The waiver of sovereign immunity in permitting suit of the government as provided in legislation such as ours can be described as conditional, i.e., immunity is waived only if these above noted conditions and others are met by the claimant.

> "We believe that this provision does not provide the ordinary statutory time bar against the enforcement of an existing right, but instead creates a right and sets the date of its extinction." Asinn v. Long Island Railroad Co. v. Traffic Executive Associations Eastern Railroad, et al., 466 F. Supp. 993

In Atlantic Coast Line Railroad v. Burnette, (1915) 239 U.S. 199, 60 L. Ed 226, 36 S. Ct. 75, cited by the Government, the defendant failed to raise the Statute of Limitation defense in his pleadings. Even so, the United Stated Supreme Court held that its jurisdictional character would prevent the plaintiff from prevailing when the fact that the Statute had run appeared on the record.

Herein, the defendant has pled the Statute as an affirmative defense; thus even the admission of liability by defendant

99

is not sufficient to remove noncompliance with the statutory time requirement as a factual question.

Plaintiff's motion for summary judgment is denied.