# WINFREE, AS ADMINISTRATOR OF PHIPPS, *v.* NORTHERN PACIFIC RAILWAY COMPANY.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 139. Submitted January 23, 1913.—Decided February 24, 1913.

While there are exceptions, especially in the case of remedial statutes, the general rule is that statutes are addressed to the future and not to the past; and, in the absence of explicit words to that effect, statutes are not retroactive in their application.

The Employers' Liability Act of 1908 introduced a new policy and radically changed existing law and will not be construed as a remedial statute having retrospective effect.

An action brought under the Employers' Liability Act of 1908 by the personal representative of the person who was killed prior to the passage of the act cannot be sustained as stating a cause of action under the law of the State, where that law gives the action to the parents.

Damages to the estate of one killed by negligence is a distinct cause of action, under the laws of the State of Washington, from damages to the parents of the person so killed.

173 Fed. Rep. 65, affirmed.

THE facts, which involve the construction of the Employers' Liability Act of 1908 and whether it had a retroactive effect, are stated in the opinion.

*Mr. B. C. Mosby* for plaintiff in error:

The act was retroactive. It is a remedial measure, designed to supply a remedy for wrongs for which the law had offered no adequate redress or, as in the case at bar, no redress whatever.

If the meaning of the statute were doubtful, judicial construction ought not to lean towards the wrongdoer but should rather give the benefit of the doubt to the victims of the wrong. There is no sound reason to favor the common carrier. *Stewart* v. *B. & O. R. R. Co.*, 168 U. S. 448; *Spain* v. *St. L. & S. F. R. Co.*, 151 Fed. Rep. 529; *Hayes* v. *Williams*, 17 Colorado, 467; *Employers' Liability Cases*, 207 U. S. 447.

To correct the imperfections of the former act, Congress passed the act of 1908. The second is, like the first, clearly remedial, and should accordingly receive a catholic construction. 36 Cyc. 1173, 1174, 1188; 13 Cyc. 312, n. 9; 1 Chitty's Blackstone's Comm., 19th London ed., side p. 88, n. 30; Black's Const. Prohibitions, 1st ed., 1887, § 134, p. 160; 2 Lewis' Suth. Stat. Const., 2d ed., 1904, pp. 643, 1291, § 519; *Stewart* v. *Balt. & Ohio R. R. Co.*, 168 U. S. 448; *Soule* v. *New York &c. R. R. Co.*, 24 Connecticut, 575; *Lamphear* v. *Buckingham*, 33 Connecticut, 237; *Wabash R. R. Co.* v. *Shacklett*, 10 Ill. App. 404; *Merkle* v. *Bennington*, 58 Michigan, 156; *Bolinger* v. *St. Paul R. R. Co.*, 36 Minnesota, 418; *Vance* v. *Southern R. R. Co.*, 138 N. C. 839; *Haggerty* v. *Central R. R. Co.*, 31 N. J. L. 349; *Beach* v. *Bay State Co.*, 27 Barb. (N. Y.) 248.

The act of 1908, being then of a remedial nature, should be construed as retroactive if such construction is not precluded by its terms. *Larkins* v. *Saffarans*, 15 Fed. Rep. 147. Its terms, however, so far from precluding that

construction rather force it.   36 Cyc., p. 1209, 1213; Wade
on Retroactive Laws, 1st ed., § 24; Myer on Vested Rights,
1st ed., 1891, § 25, p. 18; Black on Interp. Laws, 1st ed.,
1896, p. 261; Black's Const. Prohib., 1st ed., 1887, pp.
176, 276, 277.

See also: 8 Cyc., p. 910, n. 68; p. 1021, n. 62; *Jefferson City
Light Co.* v. *Clark,* 95 U. S. 644; *Lycoming* v. *Union County,*
15 Pa. St. 166; *Barbour* v. *Horn,* 48 Alabama, 659; *Sedg-
wick County* v. *Bunker,* 16 Kansas, 498; *Plummer* v.
*Northern Pacific Railway Co.,* 152 Fed. Rep. 206.

Remedial statutes were retroactively applied in actions
for injuries in *Chapman* v. *State,* 104 California, 690;
*Cannon* v. *Rowland,* 34 Georgia, 422; *Bevier* v. *Dillingham,*
18 Wisconsin, 556; *Rouge* v. *Rouge,* 36 N. Y. Supp. 436;
*Brower* v. *Bowers,* 1 Abb. Dec. 214; *Kuehn* v. *Paroni,* 20
Nevada, 203.

The act of 1908 is shown, by its entire phraseology, to
relate to past as well as to future occurrences.  *Sohn* v.
*Waterson,* 17 Wall. 599.

The limitation of two years is an extension of the one
year period provided by the act of 1906.  Thus an evident
purpose of Congress in its later legislation was to save the
rights of those persons whose suits had abated in conse-
quence of the decision in the *Employers' Liability Cases,*
207 U. S. 463.

Expired and repealed acts *in pari materia* with the stat-
ute to be construed may also be considered in the interpre-
tation thereof.  *United States* v. *Bowen,* 100 U. S. 508; *Vit-
erbo* v. *Friedlander,* 120 U. S. 707; *People* v. *Essex County,*
70 N. Y. 236; *People* v. *Columbia County,* 43 N. Y. 132.

The rule against retrospective operation of law allows
the introduction of remedies where none existed before,
and their equitable application to existing causes of ac-
tion.  Cooley, Const. Lim. 347, 436, 442, 454, 477, 478; 1
Hare Const. Law, 421; *Gage* v. *Gage,* 66 N. H. 294; *Milne*
v. *Huber,* 3 McLean, 217.

The legislature cannot make contracts for individuals, and they cannot impose an obligation which does not equitably arise out of the transaction. But they may give a remedy where there is none, and where in good conscience there should be one. A remedy being general applies to previous as well as subsequent cases.

As to contention of defendant in error that to apply the act of 1908 in the present instance, would be to destroy vested rights of the railway company, under the common law, see *Second Employers' Liability Cases*, 223 U. S. 50, holding that a person has no property, no vested interest, in any rule of the common law; *Walker* v. *Ware, Hadham &c. Rail Co.*, 12 Jur. (N. S.) 18; *Cooley, Const. Lim.*, 6th ed., p. 438; *Gibbons* v. *Ogden*, 9 Wheat. 1, 196.

Under the rule of *stare decisis*, this case is disposed of by *Phil. Balt. & Wash. R. R. Co.* v. *Schubert*, 224 U. S. 603.

In the case at bar, the complaint alleged, *inter alia*, that on the part of the deceased there was no contributory negligence and no assumption of risk. Neither of these allegations was controverted. There was no answer of any kind. Yet the district judge considered that the facts were just the opposite of what was alleged. At least for the purposes of the demurrer, the complaint should have been taken as true.

The ruling of the district court was based upon matter not simply *dehors* the record but contrary to the record.

Irrespective of the act of Congress, implied contracts disregarding comparative negligence in cases of homicide should be deemed void as in contravention of public policy. 26 Cyc., pp. 609, 1094.

Apart from the act of 1908, the complaint presents a case for Federal cognizance. It states a cause of action under the statutes of the State of Washington, but not under the common law. Also that plaintiff in error is a citizen of the State of Washington; the parents of the decedent are citizens of the State of Wyoming; the de-

fendant in error is a corporation resident in the State of Wisconsin; and the amount involved in the action exceeds $2,000, exclusive of interest and costs.

Under the laws of Washington, when the death of a minor has been caused by wrongful act, the father may compel compensation for the loss of the child's services, but he cannot recover a solatium. *Noble* v. *Seattle,* 19 Washington, 133.

The compensation received, however, belongs, under the community system, to the mother as well as to the father. 2 Rem. & Bal. Code, § 5917. See also *Kleps* v. *Bristol Manfg. Co.,* 81 N. E. Rep. 765.

In England a declaration may fail to show a cause of action under a statute, and yet may state a good case, a negligent breach of duty under the unwritten law. *Parnaby* v. *Lancaster Canal Co.,* 11 Ad. & El. 223; *S. C.,* Nev. & P. 223; 3 Per. & Dav. 162.

*Mr. Charles W. Bunn* for defendant in error.

Mr. JUSTICE McKENNA delivered the opinion of the court.

This action was brought in the Circuit Court of the United States for the Eastern District of Washington, Eastern Division, by plaintiff in error (herein referred to as plaintiff) as administrator of the estate of Albert E. Phipps, deceased, against defendant in error (herein referred to as defendant) for the wrongful death, it is alleged, of Albert E. Phipps, a minor, of the age of eighteen years and five months, while acting as fireman upon a freight locomotive of the defendant in the State of Washington. The negligence of defendant is alleged and that defendant was engaged in interstate commerce; that decedent had not been emancipated nor had his parents knowledge of his employment; that they lived in the State of Wyoming

and that the action was brought for their benefit under the provisions of the act of Congress of April 22, 1908, (35 Stat. 65, c. 149), entitled "An Act Relating to the Liability of Common Carriers by Railroads to their Employees in Certain Cases."

Defendant demurred to the complaint on the ground, among others, that the act of Congress upon which plaintiff relied was passed, approved and became a law after plaintiff's alleged cause of action accrued and imposed no liability, therefore, on defendant by reason of the facts set forth in the complaint. The demurrer was sustained, and, plaintiff refusing to plead further, judgment was entered dismissing the complaint and for costs. The Court of Appeals affirmed the judgment. 173 Fed. Rep. 65.

Plaintiff, to support his contention that the act of Congress has retroactive operation, presents a very elaborate argument based on the extensive effect which courts have given to remedial statutes, applying them, it is contended, to the past as well as to the future. The Court of Appeals met the argument, as we think it should be met, by saying that statutes that had received such extensive application were "such as were intended to remedy a mischief, to promote public justice, to correct innocent mistakes, to cure irregularities in judicial proceedings or to give effect to acts and contracts of individuals according to the intention thereof." It is hardly necessary to say that such statutes are exceptions to the almost universal rule that statutes are addressed to the future, not to the past. They usually constitute a new factor in the affairs and relations of men and should not be held to affect what has happened unless, indeed, explicit words be used or by clear implication that construction be required. It is true that it is said that there was liability on the part of the defendant for its negligence before the passage of the act of Congress and the act has only given a more efficient and

a more complete remedy. It, however, takes away material defenses, defenses which did something more than resist the remedy; they disproved the right of action. Such defenses the statute takes away, and that none may exist in the present case is immaterial. It is the operation of the statute which determines its character. The Court of Appeals aptly characterized it, and we may quote from its opinion (173 Fed. Rep. 66): "It is a statute which permits recovery, in cases where recovery could not be had before, and takes from the defendant defenses which formerly were available, defenses which in this instance existed at the time when the contract of service was entered into and at the time when the accident occurred." Such a statute, under the rule of the cases, should not be construed as retrospective. It introduced a new policy and quite radically changed the existing law.

It is contended that apart from the act of Congress the complaint "states a cause of action under the statutes of the State of Washington." This does not avail plaintiff. He admits that the statutes of Washington give the right of action to the father of the deceased minor, not to a personal representative. He, however, to justify his right of action says that the compensation recovered in an action by the father of the minor belongs under the community system to the mother as well as to the father. But we are not informed how this, if true, gives a right of action in the administrator of the minor's estate. Damages to his estate would be a distinct cause of action from damages to his parents. *Hedrick* v. *Ilwaco Ry. & Nav. Co.*, 4 Washington, 400.

*Judgment affirmed.*