## ERICKSON v. UNITED STATES.
### No. 49921.

United States Court of Claims.
July 15, 1952.

James M. Fitzpatrick, Washington, D. C., for plaintiff.

Paris T. Houston, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

This is a suit by plaintiff, Gustaf B. Erickson, for per diem as a Government employee in travel status away from his duty station from May 5, 1949 to July 7, 1950.

The parties have submitted a stipulation of facts which, together with the exhibits attached thereto, constitute all the facts in this case.

On March 8, 1938, plaintiff was employed by the National Labor Relations Board as a Trial Examiner on a "when as employed" basis. He was given a permanent appointment on August 1, 1938, and he remained in a continual pay status with the National Labor Relations Board until April 10, 1950. On that date, after the expiration of sick leave, annual leave, and advanced sick leave, he was placed in a leave-without-pay status.

During the period pertinent in this suit plaintiff was a Field Attorney, GS–12, $6,800 per annum, assigned to the 13th Regional Office of the Board in Chicago, Illinois.

In June 1948, plaintiff was assigned to temporary duty in San Francisco, California, in connection with the trial of

certain law suits in which the National Labor Relations Board was a party. During that period plaintiff was traveling under competent travel orders duly issued on an annual basis.

On May 4, 1949, while on duty in San Francisco, he suffered an apoplectic stroke from which he had not recovered at the time he filed his petition in this court. He was immediately hospitalized on the West Coast, and was transferred to the United States Naval Hospital at Oakland, California, on May 6, 1949, where he remained until April 4, 1950. He was otherwise hospitalized in San Francisco until July 7, 1950 at 8:40 a. m. when he left by plane for Chicago, Illinois, arriving at 5:30 p. m. the same day. Subsequently he was hospitalized in a Veterans' Administration Hospital at Hines, Illinois, where he remained until his petition was filed in this proceeding.

Plaintiff was given sick leave beginning May 4, 1949, the date of his illness, and continued in that status until the seventh working hour of September 20, 1949, thereby using a total of 770 [1] hours which was all the sick leave then to his credit. He was then placed and subsequently carried on annual leave until the close of the third hour of business on February 27, 1950, for a total of 868 [2] hours, which was all the annual leave then to his credit. Thereafter he was retained in a pay status due to an authorized advance of 240 hours sick leave which carried him until the third business hour of April 10, 1950. At that time he was placed on leave without pay and continued in that status until December 31, 1950. Subsequently he was retired for disability by the Civil Service Commission.

On July 1, 1948, plaintiff was granted a travel order for the period from July 1, 1948 to June 30, 1949 specifying a per diem allowance of $6 in lieu of subsistence while in travel status. He was traveling under this order at the time he become ill

on May 4, 1949 and was receiving a per diem allowance of $6.

On July 1, 1949, plaintiff was issued another travel order which was similar in every respect to the order of July 1, 1948 except that it provided for a per diem allowance in lieu of subsistence not exceeding $9 and necessary incidental expenses.

Plaintiff applied to both the National Labor Relations Board and to the General Accounting Office for the payment of per diem after he became ill and after his leave began on May 4, 1949. These requests for payment were refused on the ground that plaintiff was not in an official travel status within the meaning of the law and travel regulations pertaining to per diem.

Plaintiff later applied for payment of per diem from April 26, 1950 to June 16, 1950, pursuant to Public Law 482, 81st Cong., 2nd Sess., 64 Stat. 89, 5 U.S.C.A. § 836, and paragraph 45(c) of the Standardized Government Travel Regulations as amended to conform to Public Law 482. The Comptroller General held that the statute was prospective in nature and could not be applied except to employees who were in a travel status on or after April 26, 1950, the date of the Act, and who became ill on or after that date.

On May 4, 1949, the date plaintiff entered on sick leave, the statute relating to per diem, 5 U.S.C. (1946 Ed.) § 823, 44 Stat. 689, as amended, 56 Stat. 39, provided in part, as follows:

"Civilian officers and employees of the departments and establishments while traveling on official business and away from their designated posts of duty, shall be allowed, in lieu of their actual expenses for subsistence and all fees or tips to porters and stewards, a per diem allowance to be prescribed by the heads of the departments and establishments concerned at a rate not to ex-

1. 720 hours which plaintiff had to his credit on January 1, 1949, plus an additional 50 hours which accrued during the months from May through September 1949.

2. 720 hours which plaintiff had to his credit on January 1, 1949, plus an additional 148 hours which accrued during the period from January 1, 1949, through September 19, 1949, his last complete day of sick leave.

ceed $6 within the limits of the continental United States, * * . *."

The Standardized Government Travel Regulations as amended January 30, 1942 and in effect until April 16, 1950, provided in paragraph 45(a) in pertinent part, as follows:

"If leave of absence of any kind begins or terminates within the traveler's prescribed hours of duty, subsistence allowance will terminate or begin at the same time. If the leave of absence does not begin or terminate within the traveler's prescribed hours of duty the traveler will be regarded as being in a subsistence status until midnight of the last day on which actual service is rendered preceding the leave of absence and from 12.01 o'clock a. m., of the day on which actual service is resumed. Presence at duty station on Sundays or holidays during daily prescribed hours of duty will be regarded as equivalent to actual service, if the traveler otherwise be in a duty status. Fractional leave of absence wholly within a day, where for half of the prescribed working hours or less, will be disregarded for subsistence purposes; where it exceeds half of the prescribed working hours, no subsistence will be allowed."

Effective July 1, 1949 the per diem rate was changed from $6 to $9, and on April 26, 1950 the following proviso was added to the statute governing payment of per diem:

"* * * Provided, That such civilian officers and employees who become incapacitated due to illness or injury, not due to their own misconduct, while traveling on official business and away from their designated posts of duty, shall be allowed such per diem allowances, and transportation expenses to their designated posts of duty, in accordance with regulations promulgated and approved under sections 835–842 of this title." 5 U.S.C.A. § 836, 64 Stat. 89.

Effective April 26, 1950, the Standardized Government Travel Regulations were amended by inserting paragraph 45(c), as follows: :

"Whenever a traveler takes leave of absence of any kind because of being incapacitated due to his illness or injury, not due to his own misconduct, the prescribed per diem in lieu of subsistence, if any, shall be continued for periods not to exceed 14 calendar days (including fractional days) in any one period of absence unless, under the circumstances in a particular case, a longer period is approved by the proper administrative official. No additional evidence of the illness or injury need be submitted with the travel voucher but the type of leave and duration thereof must be shown on the voucher. The evidence filed with the agency concerned, as required by that agency under the annual and sick leave regulations of the United States Civil Service Commission will suffice. Refund of the per diem allowance shall be required from the employee in any case where he receives hospitalization under any Federal statute or receives reimbursement under such statute for hospital expenses paid by him."

 As a basis for plaintiff's recovery he argues in effect that a per diem allowance constitutes an emolument and perquisite of public office and that as long as an employee is carried on the payrolls he is entitled to this per diem even though he be sick and absent from duty. We have carefully considered plaintiff's brief and the authorities discussed therein bearing upon the above contention. However, we cannot agree that per diem in lieu of subsistence constitutes any portion of "salary or other emoluments" of office within the ordinary meaning of that expression. The rights to per diem and leave are the result of congressional enactments and are administered through the various administrative regulations. Prior to the amendment of April 26, 1950, Government employees were not entitled to per diem in lieu of subsistence during leave due to illness while traveling away from their regular duty stations. When an employee en-

ters upon either sick leave, annual leave, or leave without pay he is no longer traveling on official business for the Government unless statutory enactment so provides. At the time plaintiff entered upon sick leave on May 4, 1949, there was no such statutory provision and the administrative regulations, paragraph 45(a), Standardized Government Travel Regulations, supra, specifically terminated the allowance and subsistence when "leave of absence of any kind" began or terminated within the traveler's prescribed hours of duty. This regulation is quite reasonable because an employee who is forced to remain away from his duties because of illness or who takes leave from his duties for any other reason cannot be considered as traveling on official business. Consequently, plaintiff is not entitled to recover per diem during his illness and while on leave during the period May 4, 1949 to April 10, 1950.

The amendment of April 26, 1950, supra, provides that employees of the Government who become ill while traveling on official business away from their designated post of duty shall be allowed per diem in accordance with administrative regulations. The administrative regulation, paragraph 45(c), supra, provides in effect that employees who become ill while traveling will continue to receive per diem for periods not to exceed 14 calendar days in any one period of absence unless, under the circumstances in a particular case, a longer period is approved by the proper administrative official.

A period of 71 days elapsed between the effective date of the Act of April 26, 1950, supra, and the date of plaintiff's departure from San Francisco on July 7, 1950. On July 7, 1950, plaintiff was given his transportation to his home in Chicago, Illinois, and the sum of $6.75 per diem which represented the fractional portion of one day's per diem at the then prevailing rate of $9 per day. These items, having been allowed, are not in controversy in this proceeding. Under the amended statutes and pertinent regulations, the plaintiff in no event would be entitled to recover for more than 14 days since there has never been any administrative finding that the circumstances justified an allowance of a longer period.

However, we believe that the Comptroller General was right in his holding, 30 Comp.Gen. 50, that the Act of 1950, supra, does not apply to plaintiff because his absence from duty did not occur on or after the Act but was pre-existing. The act expressly provides:

"employees who become incapacitated due to illness or injury * * * while traveling on official business and away from their designated posts of duty, shall be allowed such per diem allowances, * * *."

This language is prospective in nature and not retroactive. Winfree v. Northern Pacific Railway Company, 227 U.S. 296, 302, 33 S.Ct. 273, 57 L.Ed. 518.

Plaintiff's petition will therefore be dismissed and judgment entered in favor of the defendant.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.