**In re HARTWIG POULTRY, INC.,**
**Debtor/Appellee.**

**No. C 87–7221.**

United States District Court,
N.D. Ohio, W.D.

Jan. 13, 1988.

John Hunter, Toledo, Ohio, for debtor-appellee.

Martin Carrigan, Toledo, Ohio, for appellant.

## OPINION AND ORDER

JOHN W. POTTER, District Judge.

This is an appeal from an order of the bankruptcy court determining that a transfer in the amount of $10,039.68 to appellant Target Industries by appellee Hartwig Poultry be avoided as preferential. 70 B.R. 748. Each party has submitted a brief in support of its position.

Appellee filed a voluntary Chapter 11 petition on October 19, 1982. In order to collect assets for the estate, appellee alleged that a payment made to appellant was an avoidable transfer pursuant to the provisions of 11 U.S.C. § 547(b).

On July 20, 1982, appellee ordered products from appellant. On July 23, 1982, appellant shipped 288 boxes of polyethylene bags and clear FDA bags to appellee. Appellant's invoice, dated July 23, 1982, was received by appellee on July 26, 1982. The terms of the invoice permitted a 1% discount if paid within ten days, and the total amount without discount was due in thirty days.

Appellee issued a check payable to appellant for $10,039.68. This check was dated August 20, 1982. Appellant received the August 20, 1982 check on September 5 or 6, 1982. This check was cashed on September 6, 1982 by appellant for payment of the merchandise shipped to appellee. Accord-

ing to the bankruptcy court's order, appellee's bank honored the check on September 13, 1982.

Appellant contends that the bankruptcy court applied the preamendment version of 11 U.S.C. § 547 to this controversy without any rationale or other statement. However, the bankruptcy court cited the correct statutory provision and correctly applied the pre-amendment version of 11 U.S.C. § 547 to this proceeding. The 1984 amendments to 11 U.S.C. § 547 were effective with respect to cases filed ninety days after July 10, 1984. 11 U.S.C. § 547 comment (Supp.1987). The complaint for recovery of preference was filed on October 12, 1984. Appellee filed its voluntary Chapter 11 petition on October 19, 1982.

■■■ The 1984 amendments are applicable to cases filed on or after October 8, 1984. The word "case" refers to bankruptcy cases. A review of the 1984 amendments reveals that the terms case and adversary proceeding are used with precision and these terms are intended to have their customary meaning. *In re Chase & Sanborn Corp.*, 51 B.R. 736, 738 (Bankr.S.D. Fla.1985). Therefore, the word cases as used in Section 553 of the 1984 amendments applies only to bankruptcy cases and does not include adversary proceedings arising in or related to a case under 11. *In re Amarex, Inc.*, 74 B.R. 378, 382 (Bankr. W.D.Okl.1987); *In re Tucker Freight Lines, Inc.*, 62 B.R. 210 (Bankr.W.D.Mich. 1986). Since appellee filed its voluntary Chapter 11 petition on October 19, 1982, the bankruptcy court correctly applied the pre-amendment version of 11 U.S.C. § 547(c)(2).

■■■ Appellant's first assignment of error is that the bankruptcy court incorrectly determined that when a transfer to a creditor is accomplished by check, the transfer occurs on the date the drawee bank honors the check, instead of the delivery date of the check to a creditor. Section 547(c)(2) of Title 11 provides:

(c) The trustee may not avoid under this section a transfer—

\*　　\*　　\*　　\*　　\*　　\*

(2) to the extent that such transfer was—

(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made not later than 45 days after such debt was incurred;

(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms;

11 U.S.C. § 547(c)(2) (1979).

When a transfer to a creditor is accomplished by check, the courts have taken three approaches. The first line of cases determines that for purposes of 11 U.S.C. § 547(c)(2) and/or (c)(4), as well as (c)(1), a transfer by check generally occurs on the date of delivery. *In re Fasano/Harriss Pie Co.*, 43 Bankr. 871, 874 (Bankr.W.D. Mich.1984) (see case cited therein). The courts adopting this line of reasoning rely on statements made in the legislative debates:

Contrary to language contained in the House Report, payment of a debt by means of a check is equivalent to a cash payment, unless the check is dishonored. Payment is considered to be made when the check is delivered for purposes of sections 547(c)(1) and (2).

124 Cong.Rec. 17414 (1978); 124 Cong.Rec. 11097 (statement of Rep. Edwards). The policy considerations behind the enactment of these sections support this analysis. One of the purposes of 11 U.S.C. § 547(c) is to aid a debtor by insulating normal business transactions and encouraging creditors to deal with debtors who are experiencing financial problems. Note, 7 Cardozo L.Rev. 887, 893 (1985–86). The legislative history of the ordinary course of business section reveals that the purpose is "to leave undisturbed normal financial relations, because it does not detract from the general policy of the preference section to discourage unusual action by either the debtor or his creditor during the debtor's slide into bankruptcy." *Id.* at 894 (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 373

(1977) *reprinted in* 1978 U.S.Code Cong. & Ad.News, 5963, 6329. Furthermore, this approach is consistent with commercial reality "[s]ince checks are normally considered present payments between parties." *O'Neill v. Nestle Libbey P.R., Inc.*, 729 F.2d 35, 37 (1st Cir.1984).

The second line of cases views 11 U.S.C. § 547(e)(2) as controlling *Fasano/Harriss*, 43 B.R. at 875 (see cases cited therein). However, *In re Arnett*, 731 F.2d 358 (6th Cir.1984), undermines the applicability of 11 U.S.C. § 547(e)(2) to a check transaction under 11 U.S.C. § 547(c)(1) or (c)(2).[1] *Id.* at 362.

The third line of cases views the lack of extensive legislative history as persuasive evidence that a transfer by check is a credit transaction. *Fasano/Harriss*, 43 B.R. 871 (see cases cited therein). See e.g., *In re Advance Glove Manufacturing Co.*, 25 B.R. 521, 527 (Bankr.E.D.Mich.1981), *rev'd*, 761 F.2d 249 (6th Cir.1985). Although the statements made by Senator DeConcini and Congressman Edward may not accurately reflect Congress' intentions, the policy considerations underlying 11 U.S.C. § 547(c)(2) support the determination that the date of delivery of the check is the appropriate date to consider in determining when a transfer is made pursuant to 11 U.S.C. § 547(c)(2). This conclusion is supported by the "weight of authority including the two (2) Court of Appeals decisions addressing this issue." *In re American International Airways, Inc.*, 68 B.R. 326, 335 (Bankr.E.D.Pa.1986); see *In re White River Corp.*, 799 F.2d 631, 633 (10th Cir.1986); *O'Neill v. Nestle Libby P.R., Inc.*, 729 F.2d 35, 37–38 (1st Cir.1984); see also *In re Wolf & Vine*, 825 F.2d 197 (9th Cir.1987) (transfer is upon delivery unless honoring of checks is unreasonably delayed). Note, 7 Cardozo L.Rev. 887 (1985–86). Therefore, because the purpose of 11 U.S.C. § 547(c)(2) is to leave ordinary business relations undisturbed and because in the normal course of business affairs a creditor considers himself paid at the time a check is delivered, a transfer pursuant to 11 U.S.

C. § 547(c)(2) occurs when the check is delivered to the creditor.

A debt is incurred when the debtor obtains a property interest in the consideration giving rise to the debt. 4 Collier on Bankruptcy § 547.38–39 (15th ed. 1982). A buyer obtains a property interest in goods

(1) when the contract is made if it is for the sale of goods already existing and identified;

(2) if the contract is for the sale of future goods other than those described in division (A)(3) of this section, when goods are shipped, marked, or otherwise designated by the seller as good to which the contract refers.

Ohio Rev.Code Ann. 1302.45(A)(1) & (2) (Anderson 1979). Appellee obtained a property interest on July 23, 1982. Therefore, the debt was incurred at the latest on July 23, 1982.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that the order of the bankruptcy court is REVERSED, and the case is REMANDED to the bankruptcy court for further proceedings not inconsistent with this opinion.

---

[1]. This analysis is consistent with a determination that a transfer by check does not generally create a security interest under Ohio law. Ohio Rev.Code Ann. § 1301.01(KK) (Anderson 1979).