Anthony CROSBY–BEY, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA, et al., Defendants.

Civ. A. No. 88–1920.

United States District Court, District of Columbia.

Dec. 6, 1988.

**72**

Anthony Crosby–Bey and Freddie Artis–Bey, pro se.

Harry Toussaint Alexander, Jr., Frederick D. Cooke, Martin L. Grossman, and Paul A. Quander, Jr. of the Corp. Counsel, Washington, D.C., for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

Plaintiffs, who are inmates at the Minimum Security Facility at Lorton, filed this suit pursuant to 42 U.S.C. § 1983 because they claim defendants violated their right to be free from *ex post facto* laws by omitting a meritorious good time provision from the Good Time Credit Act of 1986. In addition, plaintiffs claim that the Good Time Credit Act of 1986 violates the Equal Protection Clause of the Fourteenth Amendment because the Act's prospective application has an "adverse impact" on them because they were sentenced prior to the effective date of the Act.

Upon careful consideration of plaintiffs' complaint, defendant's response to this Court's Show Cause Order, and oral testimony given by plaintiff and counsel for defendants at a hearing the Court held on November 30, 1988, the Court finds that plaintiffs' complaint fails to state a claim upon which relief can be granted. Fed.R. Civ.P. 12(b)(6).

At the time plaintiffs were sentenced, a federal statute entitled them to meritorious good time credit. That statute was subsequently repealed.[1] Plaintiffs argue that defendants violated their right to be free of *ex post facto* laws because they did not adopt a similar meritorious good time provision in the Good Time Credit Act of 1986. The Court disagrees. Plaintiffs' request for relief under a District of Columbia statute is without merit because the District of Columbia City Council, a legislative body wholly independent of the United States Congress, was under no obligation to adopt any provision of a repealed federal statute. Therefore, plaintiffs claim that defendants violated their right to be free of *ex post facto* laws must fail.

The Court also disagrees with plaintiff's position that by applying the Good Time Credit Act prospectively, defendants are violating the Equal Protection Clause. The Court notes at the outset that the Act's legislative history directed defendants to apply the Act prospectively.[2] The District of Columbia City Council did not abuse its discretion in deciding to apply the Act prospectively.

The Equal Protection Clause commands that " 'all persons similarly circumstanced be treated alike.' " *Plyler v. Doe,* 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982) (quoting *F.S. Royster Guano Co. v. Virginia,* 253 U.S. 412, 415, 40 S.Ct. 560, 562, 64 L.Ed. 989 (1920)). This means that persons differently situated need not always be treated the same. *Id.* "The initial discretion to determine what is 'different' and what is 'the same' resides in the legislatures of the States." A State legislative body is afforded wide latitude in establishing classifications when enacting legislation to remedy a problem. *Id.* Unless the suspect classifications of race, na-

---

1. The federal statute awarding Meritorious Good Time could be found at 18 U.S.C. § 4162 prior to its repeal on October 12, 1984. *See,* Pub.L. 98–473, Title II, § 218(a)(4).

2. Wilhelmina J. Rolark, Chairperson of the Committee on the Judiciary of the Council of

the District of Columbia, noted in a report to Council Members dated November 12, 1986 that the "bill would be prospective only and in no way retroactively applied." *See Defendants' Response to Court's Show Cause Order,* Exhibit 4.

tional origin, alienage, or gender are at issue, the Court must only be assured that the classification bears some rational relationship to a legitimate governmental interest. *See City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 440–41, 105 S.Ct. 3249, 3254–55, 87 L.Ed.2d 313 (1985).

Prospective application of the Act results in persons sentenced prior to the Act's effective date being treated differently than persons sentenced after the Act's effective date.[3] Since a suspect classification is not at issue, the Court must only be satisfied that the City Council had a rational basis for treating these two categories of persons differently. The Court is satisfied that a rational basis exists.

The classification is in keeping with the well recognized rule of statutory construction that provides " 'statutes affecting substantive rights and liabilities are presumed to have only prospective effect.' " *Anderson v. USAIR, Inc.,* 818 F.2d 49, 53 (D.C.Cir.1987) (quoting *Bennett v. New Jersey,* 470 U.S. 632, 639, 105 S.Ct. 1555, 1560, 84 L.Ed.2d 572 (1985)); *see also Winfree v. Northern Pacific Ry.,* 227 U.S. 296, 302, 33 S.Ct. 273, 274, 57 L.Ed. 518 (1913) (holding that prospective application is appropriate when "a statute permits recovery in cases where recovery could not be had before"). Accordingly, the Court finds that plaintiffs' equal protection is without merit.

■ The Court also heard oral arguments on plaintiffs' motion for the appointment of counsel. After hearing from plaintiffs on this motion, the Court advised them that the motion would be denied because the Court is very familiar with the legal issues raised in their complaint. Moreover, plaintiffs failed to demonstrate any likelihood of prevailing on the merits. *See Poindexter v. F.B.I.,* 737 F.2d 1173, 1186 (D.C.Cir.1984).

Accordingly, it is, by the Court, this 6 day of December, 1988,

ORDERED that plaintiffs' motion for leave to file a second amended complaint shall be, and hereby is, denied; and it is

FURTHER ORDERED that plaintiffs' motion for the appointment of counsel shall be, and hereby is, denied; and it is

FURTHER ORDERED that defendants' motion to dismiss the above-entitled suit shall be, and hereby is, granted; and it is

FURTHER ORDERED that this case stands dismissed from the dockets of this Court.

---

**3.** It should be noted that these two categories of persons are not similarly situated. Persons sentenced prior to the Act's effective date already had served part of their sentences when the Act became effective unlike persons sentenced after the Act's effective date.