**In re OUTLET DEPARTMENT STORES, INC., Debtor.**

**Miriam TEITELBAUM, Trustee in Bankruptcy of Outlet Department Stores, Inc., d/b/a The Edward Malley Co., Plaintiff,**

v.

**STAFFORD PHASE CORP. d/b/a Phase Overseas Marketing, Defendant.**

**Bankruptcy No. 82 B 10153 (TLB). Adv. No. 85-5252A.**

United States Bankruptcy Court, S.D. New York.

Aug. 11, 1989.

Teitelbaum, Braverman & Borges, Great Neck, N.Y. by J. Ted Donovan, for plaintiff/trustee.

Mishkin, O'Neil, New York City by Vito J. Cassan, for defendant.

### DECISION ON MOTION FOR SUMMARY JUDGMENT

TINA L. BROZMAN, Bankruptcy Judge.

In this preference action seeking recovery of $11,317.32 of admitted preferences, the only issue is whether the ordinary course exception to recovery of a preference saves the transfers from avoidance.

Outlet Department Stores, Inc. (the Debtor) filed a voluntary Chapter 11 petition on January 25, 1982. The case was subsequently converted to a case under Chapter 7 of the Bankruptcy Code on January 31, 1983, and Miriam Teitelbaum was appointed trustee (Trustee). On February 19, 1985, she commenced this adversary proceeding against the defendant, Stafford Phase Corp., d/b/a Phase Overseas Marketing (Stafford).

### DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure states that summary judgment shall be granted to the moving party if the court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■ Although the parties agree that there are no issues of fact in this case, summary judgment is not necessarily appropriate or readily available simply because all parties request it. *Heyman v. Commerce and Industry Ins. Co.,* 524 F.2d 1317, 1320 (2d Cir.1975); *Hassett v. Blue Cross and Blue Shield (In re O.P.M.*

*Leasing Services, Inc.),* 46 B.R. 661, 665–66 (Bankr.S.D.N.Y.1985). Under the Local Bankruptcy Rules,[1] specifically Rule 13(h), the party seeking summary judgment is required to set out the material facts as to which no genuine issue exists. "[T]he court 'cannot try issues of fact but can only determine whether there are issues of fact to be tried.'" *Katz v. Goodyear Tire and Rubber Co.,* 737 F.2d 238, 244 (2d Cir.1984) (quoting *Empire Electronics Co. v. United States,* 311 F.2d 175, 179 (2d Cir.1962)); *Donahue v. Windsor Locks Bd. of Fire Commissioners,* 834 F.2d 54, 58 (2d Cir. 1987). Since here, the sole issue is one of law, the effect of the repeal of section 547(c)(2)(B) (colloquially known as the "45 day rule"), disposition by summary judgment is appropriate.

Before it was amended section 547(c)(2) read:

[t]he trustee may not avoid under this section a transfer . . .

(2) to the extent that such transfer was—

(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made not later than 45 days after such debt was incurred;

(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms; . . . .

Subsection (B) was eliminated in 1984 by the Bankruptcy Amendments and Federal Judgeship Act (BAFJA), section 553(a) of which specified that this as well as certain other amendments "shall become effective to cases filed 90 days after the date of enactment of this Act."

■ Stafford admits, as it must, that all courts construing BAFJA section 553(a) have held that a "case" is that which is commenced by the filing of a bankruptcy petition, rather than an adversary proceeding commenced in connection with a particular bankruptcy case. *See Excel Enterprises, Inc. v. Sikes, Gardes & Co. (In re Excel Enterprises, Inc.),* 83 B.R. 427, 430 (Bankr.W.D.La.1988); *Amarex, Inc. v. Marathon Oil Co. (In re Amarex, Inc.),* 88 B.R. 362, 364 (Bankr.W.D.Okla.1988); *In re Hartwig Poultry, Inc.,* 87 B.R. 30, 31 (Bankr.N.D.Ohio 1988); *Reitmeyer v. Kalinsky. (In re Sounds Distributing, Inc.),* 80 B.R. 749, 751 (Bankr.W.D.Pa.1987); *Walhout v. Pipeline Oil Sales, Inc. (In re Tucker Freight Lines, Inc.),* 62 B.R. 210, 213 (W.D.Mich.1986); *Nordberg v. Wilcafe, Inc. (In re Chase & Sanborn Corp.),* 51 B.R. 736, 738 (Bankr.S.D.Fla.1985). Nonetheless, Stafford urges that I should decline to adopt the rationale of those decisions because each one of the courts which ruled was not presented with the argument which Stafford posits here.

Stafford contends that the 45 day rule was a statute of limitations or a simple rule of procedure, and was in either case immediately repealed upon BAFJA'S enactment. Thus, Stafford argues, the language in section 553(a) that the amendment applies to "cases" filed 90 days after enactment must be construed to mean that a "case" is an adversary proceeding, not the primary bankruptcy case. This result is warranted, defendant argues, because of the guidance furnished in two early Supreme Court cases, *Campbell v. Holt,* 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885) and *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945). *Campbell* held that so long as the passage of time has not invested defendant through adverse possession with title to property sought to be recovered, a state legislature is free to repeal or extend a statute of limitations even after the right of action

---

**1.** Local Bankruptcy Rule 13(h) provides that upon a motion for summary judgment the moving party is required to submit "a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." The party opposing a motion for summary judgment must include "a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried."

Rule 13(h) further provides that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

has been barred, thereby restoring to plaintiff his remedy and divesting defendant of his defense. *Chase* reaffirmed *Campbell*, holding that the lifting of a bar of the statute of limitations in a pending action did not deprive the defendant of due process of law. *Chase*, 325 U.S. at 316, 65 S.Ct. at 1143.

The first error in Stafford's argument is the characterization of the 45 day rule as a statute of limitations. Statutes of limitation are arbitrary time periods which curtail a plaintiff's ability to bring a lawsuit. Statutes of limitation "are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable and unavoidable delay." *Chase*, 325 U.S. at 314, 65 S.Ct. at 1142 (citation omitted). The statute of limitations for preference actions is contained in section 546(a). In contrast, section 547(c)(2)(B) does not operate as a statutory bar to bringing a lawsuit. It neither prevents the Trustee from bringing an adversary proceeding, nor does it keep the defendant from employing any other relevant exception which bars recovery of a preference.

Second, Stafford apparently reads *Campbell* and *Chase* to stand for the proposition that repeal of procedural statutes is immediately effective, even in pending actions. But *Campbell* and *Chase* laid down no such rule; what they said is that due process is not violated by permitting repeal of a statute of limitations in a pending action (unless adverse possession has vested title in the defendant). Nothing in those cases requires that a manifest legislative expression declaring a future effective date for a procedural statute must be overridden. Stafford's due process argument is difficult to fathom, in any event, because unlike in *Campbell* and *Chase*, Stafford is not railing against a change in the law which deprives it of a statutory bar, but is seeking to take advantage of a change in the law which would furnish Stafford a defense not otherwise available.

The terms substantive and procedural, though much discussed in legal cases, do not lend themselves to easy definition. The Supreme Court made it clear that this problem was not to be solved by reference to any traditional or commonsense substantive/procedural distinction. *Guaranty Trust Co. v. York*, 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079 (1944). Instead, the Court has looked beyond the everyday meanings of the terms and asked whether the matter is bound up with the definition of the rights and obligations of the parties and reflects an integral social policy, in which case it is substantive, *Byrd v. Blue Ridge Rural Electric Cooperative*, 356 U.S. 525, 536, 78 S.Ct. 893, 900, 2 L.Ed.2d 953 (1962), or whether the matter is instead a judicial process for enforcing rights and duties recognized by substantive law. *Hanna v. Plumer*, 380 U.S. 460, 464, 85 S.Ct. 1136, 1140, 14 L.Ed.2d 8 (1965). Procedure does not operate to abridge, enlarge or modify the rules of decision making, by which the court adjudicates the parties' rights. *Sibbach v. Wilson & Co.*, 312 U.S. 1, 7–8, 61 S.Ct. 422, 423, 85 L.Ed. 479 (1940). Section 547(c)(2) was drafted as an ordinary course of business exception to the avoidance of a preference. Subdivision (B) of the subsection was not created to be an arbitrary procedural time limitation; rather, Congress considered the 45 day period to be a commercially reasonable amount of time in which payments are made in ordinary business practice. "The purpose of this exception is to leave undisturbed normal financial relations, because it does not detract from the general policy of the preference section to discourage unusual action by either the debtor or his creditors during the debtor's slide into bankruptcy." H.R.Rep. No. 95–595 at 373 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6329. Nor was the repeal of the 45 day rule an arbitrary procedural change.[2] Senators Dole and De-

---

2. There are those who say, however, that the    repeal was wholly misguided, being at war with

Concini explained that the elimination of the 45 day rule would "relieve buyers of commercial paper with maturities in excess of 45 days of the concern that repayments of such paper at maturity might be considered as preferential transfers." 130 Cong.Rec. 20,091 (1984). In fact, the repeal operated to save a great deal more than repayments of commercial paper from avoidance. Although arguably misguided, the repeal of the 45 day rule was intended to implement a policy shift, in other words, to affect substance, not procedure.

I reject the argument that Congress did not mean what it said when it declared that section 553(a) of BAFJA was to become effective to cases, rather than adversary proceedings, filed 90 days after BAFJA'S enactment. The word "case" has a particular meaning in bankruptcy distinct from common parlance. That Congress understood the distinction between a case and an adversary proceeding, a distinction introduced in 1973 when the rules first provided for adversary proceedings, is certain. Were Stafford's construction of section 553(a) of BAFJA correct, the amendment would have retroactive effect, applying to transfers which were made before the law was amended. There is nothing to suggest that Congress intended to affect preferences which occurred prior to the date of the change in the law.

> [T]he first rule of construction is that legislation must be considered as addressed to the future, not to the past. The rule is one of obvious justice and prevents the assigning of a quality or effect to acts or conduct which they did not have or did not contemplate when they were performed ... a retrospective operation will not be given to a statute which interferes with antecedent rights or by which human action is regulated, unless such be "the unequivocal and inflexible import of the terms, and the manifest intention of the legislature." *United States v. Heth*, 3 Cranch, 399, 413 [2 L.Ed. 479]; *Reynolds v. McArthur*, 2 Pet. 417 [7 L.Ed. 470]; *United*

*States v. American Sugar Refining Co.*, 202 U.S. 563, 577 [26 S.Ct. 717, 719, 50 L.Ed. 1149]; *Winfree, Admr., v. Northern Pac. Railway Co.*, 227 U.S. 296 [33 S.Ct. 273, 57 L.Ed. 518].

*Union Pacific R.R. v. Laramie Stock Yards*, 231 U.S. 190, 199, 34 S.Ct. 101, 102, 58 L.Ed. 179 (1913); *Bradley v. School Bd. of Richmond*, 416 U.S. 696, 720, 94 S.Ct. 2006, 2020, 40 L.Ed.2d 476 (1974) ("The Court has refused to apply an intervening change to a pending action where it has concluded that to do so would infringe upon or deprive a person of a right that had matured or become conditional.") To adopt Stafford's position would contravene the Supreme Court's "first rule of construction," given that there is no manifest legislative intent to accomplish a retrospective change in the law. Moreover, were Stafford right, in a single bankruptcy case, some preference actions could be governed by the 45 day rule and others not, depending on when each complaint was filed. That result would do little to foster the equality among similarly postured creditors which is at the heart of the bankruptcy policy.

Because the 45 day rule is applicable to this adversary proceeding and Stafford has come forward with no other defense to the Trustee's action, the Trustee is entitled to summary judgment.

SETTLE ORDER FOR JUDGMENT.

---

the doctrine behind the recovery of preferences, namely, that all creditors in the same class shall share ratably in the debtor's assets. *See, e.g.,* V.

Countryman, *The Concept of a Voidable Preference,* 38 Vand.L.Rev. 713, 775–76 (1985).